IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TINA CARTER HUGHES,             )
                                )
            Plaintiff,          )
                                )
      v.                        )          1:11CV546
                                )
RESEARCH TRIANGLE INSTITUTE and )
MVA RA, LLC,                    )
                                )
            Defendants.         )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The instant matter comes before the undersigned United States Magistrate Judge for a ruling on Defendant Research Triangle Institute's Motion to Strike or Dismiss Plaintiff's Second Amended Complaint (Docket Entry 35) and for recommended rulings on Defendant Research Triangle Institute's Motion to Dismiss a Corporate Officer from this Case (Docket Entry 27) and the Motion to Dismiss of MVA RA, LLC Pursuant to Rule 12(b)(6) (Docket Entry 30). (See Docket Entry dated July 26, 2013; see also Docket Entry dated July 12, 2011 (assigning case to undersigned Magistrate Judge).) For the reasons that follow, the instant Motion to Strike will be denied as moot and the Court should grant the instant Motions to Dismiss.

**I. Background**

Plaintiff Tina Carter Hughes, proceeding pro se, filed her initial Complaint on July 11, 2011. (Docket Entry 1.) After

reviewing that Complaint and a motion to dismiss filed by Defendant Research Triangle Institute ("RTI") (Docket Entry 5), the Court permitted Plaintiff an opportunity to amend her Complaint to correct certain deficiencies and perfect service. (Docket Entry 19 (adopting Magistrate Judge's Recommendation (Docket Entry 15)); see also Text Order dated Feb. 27, 2013.) Plaintiff thereafter filed her Amended Complaint. (Docket Entry 23.)

Plaintiff's Amended Complaint, liberally construed, alleges that, while employed at RTI, Plaintiff suffered racial discrimination and retaliation at the hands of a supervisor in violation of Title VII of the Civil Rights Act of 1964. (Id. at 3-4.) The Amended Complaint names as Defendants (1) G. Edward Story, Senior Vice President, General Counsel & Corporate Secretary, Research Triangle Institute and (2) MVA RA, LLC. (Id. at 1-2.) Each Defendant filed a Motion to Dismiss (Docket Entries 27, 30), to which Plaintiff responded (Docket Entry 34). The same day Plaintiff responded to the Motions to Dismiss, she also filed a Second Amended Complaint. (Docket Entry 33.) RTI thereafter filed a Motion to Strike or Dismiss Plaintiff's Second Amended Complaint. (Docket Entry 35.)

## II. Discussion

### A. Motion to Dismiss Corporate Officer from Case

RTI and G. Edward Story request the removal of Mr. Story as a Defendant in this case. (Docket Entry 27 at 1.) They first argue

2

that Plaintiff apparently added Mr. Story in error, given that he was the individual designated to receive service for RTI. (Docket Entry 28 at 4.) Second, they argue that, to the extent Plaintiff did intend to include Mr. Story as a Defendant, the Amended Complaint fails to state a claim against him. (Id. at 4-5.) In her Response, Plaintiff makes clear that she did, in fact, intend to identify Mr. Story as an individual Defendant because he is "agent/manager of RTI." (Docket Entry 34 at 1.) She asserts that "[t]he claims against Mr. Story were clearly stated from the actions of the employee for which I suffered discrimination, therefore become [sic] litigating actions on Mr. Story." (Id.)

Title VII does not provide for such individual liability. See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998) (joining other circuits in concluding that "supervisors are not liable in their individual capacities for Title VII violations"). Furthermore, the Amended Complaint fails to provide a single factual allegation against Mr. Story. (See Docket Entry 23 at 2-6.) Giving Plaintiff the benefit of liberal construction, the Court should construe the Amended Complaint's inclusion of Mr. Story as simply a misnomer for RTI, Plaintiff's employer.

*B. MVA RA, LLC's Motion to Dismiss Pursuant to Rule 12(b)(6)*

In her Response, Plaintiff indicates that "[D]efendant's attorney incorrectly names MVA RA, LLC as a material agent to be served. I agree they should not be a party to this lawsuit."

(Docket Entry 34 at 2.)  Thus, the Court should dismiss MVA RA, LLC as a Defendant.

### *C. Second Amended Complaint*

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading <u>once</u> as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1) (emphasis added). Because Plaintiff previously amended her original Complaint (<u>see</u> Docket Entry 23), Rule 15 requires that she obtain either Defendants' consent or leave of the Court to make any further amendment. Fed. R. Civ. P. 15(a)(2). Because Defendants did not consent (<u>see</u> Docket Entry 36 at 1), Plaintiff must obtain leave from the Court. Giving Plaintiff the benefit of liberal construction, the undersigned Magistrate Judge will construe Plaintiff's Second Amended Complaint (Docket Entry 33) as requesting leave to file a Second Amended Complaint.

The only material differences between the Amended Complaint and the Second Amended Complaint are the addition in the Second Amended Complaint of "G. Edward Story (Research Triangle Institute)" as a Defendant[1] and the deletion of Defendant MVA RA, LLC. (<u>Compare</u> Docket Entry 23 at 1-2, <u>with</u> Docket Entry 33 at 1-2.)[2] As discussed in Section II.A., Mr. Story is not a proper

---

[1] This new entry is in addition to the designation of "G. Edward Story" as a Defendant, as previously shown in the Amended Complaint. (<u>See</u> Docket Entry 33 at 1-2.)

[2] The Second Amended Complaint also includes several small and immaterial edits throughout. For example, the Second Amended
(continued...)

4

Defendant and the Court should treat the reference to him as identification of RTI as a Defendant. Further, as noted above, see Section II.B., the Court should dismiss MVA RA, LLC as a Defendant. Under these circumstances, the undersigned Magistrate Judge will deny Plaintiff's request for leave to file a Second Amended Complaint and will deem her filing of same as a nullity.[3]

### III. Conclusion

Plaintiff's Amended Complaint includes no factual allegations against Mr. Story. Moreover, Title VII does not provide for individual liability for supervisors. Furthermore, Plaintiff agrees that MVA RA, LLC should not be a party to this lawsuit.

---

[2](...continued)
Complaint omits the emphasized portion of the following sentence from the Amended Complaint: "Further, in previous documentation submitted to the court Suson VonLehmden states that it takes a programmer three years to become proficient." (Compare Docket Entry 23 at 2-3, with Docket Entry 33 at 2.)

[3] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished), the undersigned United States Magistrate Judge will enter an order, rather than a recommendation, regarding amendment. See also Everett v. Prison Health Servs., 412 F. App'x 604, 605 & n. 2 (4th Cir. 2011) ("Everett moved for leave to amend her complaint . . . to add . . . a defendant based on information obtained during discovery, and to add a state-law claim of medical malpractice against [that new defendant]. After a hearing, the magistrate judge denied Everett's motion. Everett timely objected, thereby preserving the issue for review by the district court. . . . [T]he district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.' Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A) (2006 & Supp. 2010).").

**IT IS THEREFORE ORDERED** that Plaintiff's Second Amended Complaint (Docket Entry 33) is construed as a request for leave to file a Second Amended Complaint and that such Motion is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Research Triangle Institute's Motion to Strike or Dismiss Plaintiff's Second Amended Complaint (Docket Entry 35) is **DENIED AS MOOT.**

**IT IS RECOMMENDED** that Defendant Research Triangle Institute's Motion to Dismiss a Corporate Officer from this Case (Docket Entry 27) be granted in that the Amended Complaint should be construed to name RTI as a Defendant in place of Mr. Story and in that Mr. Story should be dismissed as a Defendant.

**IT IS FURTHER RECOMMENDED** that the Motion to Dismiss of MVA RA, LLC Pursuant to Rule 12(b)6 (Docket Entry 30) be granted and MVA RA, LLC be dismissed as a Defendant.

                                        /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                          **United States Magistrate Judge**

August 22, 2013