# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TINA CARTER HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV546 |
| | ) | |
| RESEARCH TRIANGLE INSTITUTE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Compel Plaintiff to Respond to Plaintiff's Written Discovery (Docket Entry 43), Defendant's Motion to Compel and for Sanctions for Plaintiff's Failure to Appear for Deposition (Docket Entry 45), and Defendant's Motion for Extension of Time to Complete Discovery, Mediation, and File Dispositive Motions (Docket Entry 50). For the reasons that follow, the Court will grant Defendant's Motions to Compel and will grant in part Defendant's Motion for Extension of Time.

## BACKGROUND

Plaintiff's pro se Second Amended Complaint alleges racial discrimination and retaliation by Defendant, her former employer, in violation of Title VII. (Docket Entry 33 at 2-5.) At the Initial Pretrial Conference, held on January 27, 2014, the Parties agreed to a discovery deadline of July 31, 2014. (Text Order dated Jan. 28, 2014 (adopting Docket Entry 41, except as to mediator).)

Defendant served on Plaintiff its First Set of Interrogatories and its First Request for Production of Documents on May 1, 2014. (Docket Entry 43 at 2; see also Docket Entry 43-1 (interrogatories); Docket Entry 43-2 (requests for production).) On May 28, 2014, Defendant wrote Plaintiff and asked her to select from several proposed deposition dates. (Docket Entry 45-1 at 2.) Defendant and Plaintiff spoke via telephone, on May 30, 2014, concerning those written discovery and deposition requests. (Docket Entry 43 at 2-3; Docket Entry 45 at 2-3.) According to Defendant, Plaintiff stated that she would not produce documents in response to Defendant's requests and that she would not appear for a deposition. (Docket Entry 43 at 2-3; Docket Entry 45 at 2.) Plaintiff cited the distance from her home, her inability to miss work, and her need for 30-days advance notice as reasons for not attending a deposition, before she apparently hung up the telephone on Defendant. (Docket Entry 45 at 2; see also Docket Entry 48 at 1.) That same day, Defendant memorialized the telephone conversation in a letter to Plaintiff (Docket Entry 45-2) and noticed its intent to depose her on June 17, 2014 (Docket Entry 45-3 at 2).

Plaintiff did not respond to Defendants' written discovery requests (Docket Entry 43 at 3; see also Docket Entry 48 at 1-2) and did not appear for her deposition (Docket Entry 45 at 3-4; see

-2-

also Docket Entry 48 at 1). Defendant filed its instant Motion to Compel Written Discovery on June 13, 2014 (Docket Entry 43) and its instant Motion to Compel Plaintiff's Deposition on June 20, 2014 (Docket Entry 45). Plaintiff responded to the latter Motion to Compel (Docket Entry 48), in which filing she also addressed her objection to the requested document production (id. at 1-3). On June 28, 2014, Defendant filed its instant Motion for Extension of Time (Docket Entry 50), seeking alteration of the discovery, mediation, and dispositive-motion deadlines, based on Plaintiff's noncompliance with her discovery obligations (id. at 1-5). The Clerk's Office attempted to contact Plaintiff to assess her position with respect to the instant Motion for Extension of Time and found that the telephone number she provided no longer remained in service. (Docket Entry dated July 31, 2014.) Plaintiff has not responded to Defendant's instant Motion for Extension of Time. (See Docket Entries dated July 28, 2014, to present.)

## DISCUSSION

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." Fed. R. Civ. P. 26 advisory committee's note, 1983 amend. Further, the United States Court of Appeals for the Fourth Circuit has declared that "[d]iscovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003). In

applying the foregoing principles, district judges and magistrate judges in the Fourth Circuit (including members of this Court) have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion.  See Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243-44 (M.D.N.C. 2010) (citing cases).

A.  Defendant's Motion to Compel Written Discovery

The Federal Rules of Civil Procedure permit a party to direct interrogatories to the opposing party and requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."  Fed. R. Civ. P. 33(b)(3).  Similarly, the Rules provide that "[a] party may serve on any other party a request . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample [designated documents or electronically stored information] in the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a).  To ensure compliance with those discovery obligations, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if . . . a party fails to answer an interrogatory submitted under Rule 33[] or [] a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34."  Fed. R. Civ. P. 37(a)(3)(B).

Plaintiff acknowledges that she has not responded to Defendant's requests for written discovery. (See Docket Entry 48 at 1-2.) Plaintiff's Response asserts that she did not respond to Defendant's discovery requests because Defendant already has all the information it should have (id. at 1 ("Defendant was given 900 pages of [Plaintiff's] employee file along with other documentation (emails, etc.), ha[s] copy of the EEOC filing (or access to it), and ha[s] the questions answered from their original discovery paper work see exhibit [sic].")), she does not have access to some of the requested documents (see id. ("Certain files were unable to obtain [sic] like employee work search as they are all electronic and all certifications to Employment Security Exchange Commission were given through computerized system.")), and she believes that certain medical records do not bear relevance to this suit (see id. ("Medical records were not turned over because it does not weigh in the charge against this company and no one can prove that my other ailments were a result of [Defendant's] treatment or not and have consulted with one of my physicians.")).

Plaintiff's arguments in this regard lack merit. First, if Plaintiff had grounds for objecting to particular interrogatories or document requests, Federal Rules of Civil Procedure 33 and 34 required her to state those grounds specifically in response to each discovery request, before the response deadline. See Fed. R. Civ. P. 33(b)(2),(3), and (4); Fed. R. Civ. P. 34(b)(2)(A) and (B).

Further, Plaintiff cannot expect Defendant to comb through nearly one thousand pages of documents to determine which documents relate to each of its requests. As part of Plaintiff's discovery obligations, she must <u>identify</u> the documents which respond to each request. See, e.g., <u>Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.</u>, 222 F.R.D. 594, 598 (E.D. Wis. 2004) ("When producing documents, the responding party cannot attempt to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents."). Additionally, Plaintiff has not explained why she could not produce electronic records in response to Defendant's requests. See, e.g., <u>S.E.C. v. Collins & Aikman Corp.</u>, 256 F.R.D. 403, 417 (S.D.N.Y. 2009) (noting that "electronically stored information is subject to discovery" and finding unacceptable responding party's "blanket refusal" to provide such information). Moreover, Plaintiff's bare assertion that her medical records bear no relevance to this action, without any further explanation, does not suffice. See, e.g., <u>Mancia v. Mayflower Textile Servs. Co.</u>, 253 F.R.D. 354, 359 (D. Md. 2008) (stating that party resisting production of documents must state reasons for objection with particularity). Finally, Plaintiff has not stated <u>any</u> grounds for her failure to answer Defendant's interrogatories. (<u>See</u> Docket Entry 48 at 1-3.)

For these reasons, Plaintiff has not satisfied her burden of persuasion as the party resisting discovery. Plaintiff thus must

properly respond to Defendant's interrogatories and produce the documents requested by Defendant.

B.  Defendant's Motion to Compel Deposition

The Federal Rules of Civil Procedure state that "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(a)(1). That "party seeking discovery may move for an order compelling an answer . . . if . . . a deponent fails to answer a question asked under Rule 30." Fed. R. Civ. P. 37(a)(3)(B). Moreover, the Court may impose sanctions against a party who fails to attend a properly noticed deposition. See Fed. R. Civ. P. 37(d)(1)(A)(i).

Plaintiff admits that she refused to schedule a deposition and that she did not appear for the noticed deposition. (Docket Entry 48 at 1-3.) In her response, Plaintiff indicates that she could not travel from her home in Cary to Winston-Salem (although Defendant scheduled the deposition in Greensboro), that she required greater advance notice than provided by Defendant, and that, as the sole provider for her family, missing a day of work would cause her undue financial hardship. (See id. at 1; see also Docket Entry 45-3 at 2.) None of Plaintiff's offered reasons excuse her failure to appear for her noticed deposition or justify her continued refusal to submit to a deposition. Although "[t]he [C]ourt may, for good cause, issue an order to protect a party . . . from . . . undue burden or expense," Fed. R. Civ. P.

26(c)(1), Plaintiff has not moved for such an order (see Docket Entries dated Jan. 28, 2014, to present). Even if Plaintiff had properly moved for a protective order under Rule 26(c), "[n]ot only are protective orders prohibiting depositions rarely granted, but [P]laintiff has a heavy burden of demonstrating the good cause for such an order," Medlin v. Andrew, 113 F.R.D. 650, 653 (M.D.N.C. 1987). "Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition." Motsinger v. Flynt, 119 F.R.D. 373, 378 (M.D.N.C. 1988).

In addition, "as a general rule, a plaintiff, having selected the forum in which the suit is brought, will be required to make himself or herself available for examination there." Estate of Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. 385, 387 (S.D.N.Y. 2011). Moreover, "it is the plaintiff who is generally required to bear any reasonable burdens of inconvenience that the action represents." Morin v. Nationwide Fed. Credit Union, 229 F.R.D. 362, 363 (D. Conn. 2005) (internal quotation marks omitted). In this case, after offering Plaintiff a choice of four different dates spread over a 26-day period, but receiving no constructive response from her, Defendant afforded Plaintiff 18-days notice for a deposition located in Greensboro, approximately 70 miles from her home in Cary, presumably requiring her to miss a single day of work. (See Docket Entry 46 at 2-4.) In sum, Plaintiff's concerns

do not rise to the level of "extraordinary circumstances," Motsinger, 119 F.R.D. at 378, and Plaintiff must thus appear for a deposition by Defendant.

C. Expense Shifting/Sanctions

Federal Rule of Civil Procedure 37 provides for a range of sanctions related to a party's failure to meet discovery obligations, two of which apply to this case. First:

> If the motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Furthermore:

> The court where the action is pending may, on motion, order sanctions if:
>
> (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or
>
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d)(1)(A). In addition to expense shifting, Rule 37 "sanctions also permit the striking of pleadings, dismissal of

-9-

claims, and the granting of a default judgment. Rule 37 does not require there to be a violation of a court order in order for the sanctions to be imposed." Unifi Export Sales, LLC v. Mekfir Int'l Corp., 233 F.R.D. 443, 445-46 (M.D.N.C. 2005) (Tilley, J.); see also Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i) - (vi). Instead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

In this case, Defendant has requested expense shifting in place of dispositive sanctions. (See Docket Entry 46 at 8-10.) Because the Court will grant Defendant's Motions to Compel, it must require expense shifting unless Plaintiff "was substantially justified . . . [or] other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A); accord Fed. R. Civ. P. 37(d)(3). As discussed in greater detail above, the Court finds no substantial justification for Plaintiff's refusal to cooperate in the discovery process.

As to whether other circumstances make an award of expenses unjust, Plaintiff does not offer any specific arguments directed at Defendant's request for sanctions, although she raises the issue of financial hardship in connection with her purported inability to

appear for a deposition (see Docket Entry 48 at 1-3). However, "[a] flat per se policy against the imposition of sanctions under Federal Civil Rule 37 upon any party who is financially indigent does not accord with the purposes of that rule and would open the door to many possible abuses." Bosworth v. Record Data of Md., Inc., 102 F.R.D. 518, 521 (D. Md. 1984); see also Garity v. Donahoe, No. 2:11CV01805-MMD-CWH, 2014 WL 1168913, at *6 (D. Nev. Mar. 21, 2014) (unpublished) ("Indeed, a litigant's pro se status does not relieve her of obligations to comply with discovery rules."). Given Plaintiff's willful and unjustified failure to respond to written discovery and to appear for a noticed deposition, the Court determines that she must pay Defendant's reasonable expenses, including attorney's fees, incurred in making its Motions to Compel and as a result of Plaintiff's failure to attend her deposition. See Fed. R. Civ. P. 37(a)(5)(A) and (d)(1)(A)(3); see also Gardenance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 443-44, 448 (M.D.N.C. 2005) (Osteen, Sr., J.) (explaining that magistrate judge properly awarded costs and expenses as sanction for party's failure to appear at noticed deposition).

D. Defendant's Motion for Extension of Time

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Fed. R.

Civ. P. 6(b)(1). In this case, Defendant requests an extension of time to "(1) complete the discovery timely directed to Plaintiff during the discovery period that is the subject of Defendant's Motions to Compel; (2) mediate the case; and (3) file dispositive motions." (Docket Entry 50 at 3.) Defendant specifically seeks an additional 60 days to complete discovery and conduct mediation and an additional 30 days thereafter to file dispositive motions. (Id. at 3-4.) Defendant clarifies that the "request [for additional discovery] is limited to an extension of time to complete pending discovery to Plaintiff which is the subject of Defendant's current Motions to Compel. Defendant does not seek, and in fact, would oppose, a complete enlargement or reopening of the discovery period." (Id. at 3.)

Under this Court's Local Rules, failure to respond to a motion generally warrants granting the relief requested. See M.D.N.C. LR7.3(k) ("If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."). As previously noted, Plaintiff has not responded to Defendant's instant Motion for Extension of Time and has failed to keep on file a telephone number where the Clerk's Office could reach her. Under these circumstances, the Court will grant Defendant additional time to complete its outstanding discovery, mediate the case, and file dispositive motions.

However, rather than create a modified discovery deadline, as Defendant has requested, the Court will set specific deadlines for Plaintiff to respond to Defendant's outstanding discovery, including the requirement that she appear for a deposition by Defendant, and will set the mediation and dispositive motions deadlines accordingly. Should Defendant wish to conduct additional discovery based on Plaintiff's responses to its written discovery or her deposition answers, Defendant may request leave of the Court to do so.

## CONCLUSION

Defendant has established grounds for relief under Federal Rules of Civil Procedure 6 and 37.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Plaintiff to Respond to Defendant's Written Discovery (Docket Entry 43) is **GRANTED,** in that Plaintiff must respond to Defendant's Interrogatories and Requests for Production on or before September 16, 2014. Failure to comply with this Order may result in the dismissal of this action.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel and for Sanctions for Plaintiff's Failure to Appear for Deposition (Docket Entry 45) is **GRANTED,** in that Plaintiff must make herself

available for a properly noticed deposition by Defendant, prior to September 30, 2014.  Failure to comply with this Order may result in the dismissal of this action.

**IT IS FURTHER ORDERED** that, on or before September 9, 2014, Defendant shall serve Plaintiff with a statement setting out the reasonable expenses, including attorney's fees, Defendant incurred in making the instant Motions to Compel and as a result of Plaintiff's failure to attend her deposition.  Failure by Defendant to comply with this Order will result in denial of any expense-shifting.

**IT IS FURTHER ORDERED** that, if Defendant timely serves such a statement of reasonable expenses, Plaintiff shall file, on or before September 16, 2014, either: 1) a Notice indicating her agreement to pay the claimed expenses; or 2) a Memorandum of no more than five pages explaining why she contests the reasonableness of the claimed expenses, along with a certification that she attempted in good faith to resolve any disagreement over the reasonableness of the claimed expenses with Defendant.  Failure by Plaintiff to comply with this order will result in the Court ordering, upon the filing of a Notice by Defendant of its reasonable expenses as contained in the statement it served upon Plaintiff, the payment of such expenses by Plaintiff.

**IT IS FURTHER ORDERED** that, on or before September 23, 2014, Defendant <u>shall</u> file a Response of no more than five pages to any Memorandum timely filed by Plaintiff contesting the reasonableness of the claimed expenses. Failure by Defendant to comply with this order will result in denial of any expenses contested by Plaintiff as unreasonable.

**IT IS FURTHER ORDERED** that, on or before September 26, 2014, Plaintiff <u>may</u> file a Reply of no more than three pages to any Response timely filed by Defendant regarding the reasonableness of the claimed expenses.

**IT IS FURTHER ORDERED** that, upon completion of the foregoing briefing or the time for such briefing, the Clerk shall refer this matter back to the undersigned Magistrate Judge for further action.

**IT IS FURTHER ORDERED** that Defendant's Motion for Extension of Time to Complete Discovery, Mediation, and File Dispositive Motions (Docket Entry 50) is **GRANTED IN PART**, in that the deadline for Mediation is extended to September 30, 2014, and the deadline to file dispositive motions is extended to October 30, 2014.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 3, 2014